UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OILMAR CO. LTD., PANAMA,<br>            Plaintiff,<br>    -against-<br>ENERGY TRANSPORT, LTD., and P.T. CABOT INDONESIA,<br>            Defendants. | **CONSOLIDATED CASES**<br><br>3:03-CV-1121 (JCH) |
| THE INTERESTED UNDERWRITERS AT LLOYD'S and THAI TOKAI PRODUCT CO. LTD.,<br>            Plaintiffs,<br>    -against-<br>M/T SAN SEBASTIAN, *et al.*,<br>            Defendants. | 3:03-CV-1125 (JCH) |
| PT CABOT INDONESIA,<br>            Plaintiff,<br>    -against-<br>M.V. SAN SEBASTIAN, *et al*.,<br>            Defendants. | 3:03-CV-1147 (JCH) |
| CARBON BLACK PUBLIC CO., LTD.,<br>            Plaintiff,<br>    -against-<br>M/T SAN SEBASTIAN, *et al.*,<br>            Defendants. | 3:03-CV-1153 (JCH) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT OILMAR CO. LTD.'S MOTION TO VACATE FINAL ARBITRATION AWARD ISSUED IN FAVOR OF P.T. CABOT INDONESIA AND ENERGY TRANSPORT LIMITED**

BLANK ROME LLP
Thomas H. Belknap, Jr.
Alan M. Weigel
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendant Oilmar Co. Ltd.*

**ORAL ARGUMENT REQUESTED**

**PRELIMINARY STATEMENT**

Oilmar Co. Ltd. ("Oilmar") submits this Memorandum of Law in support of its motion to vacate the "Final Award On Quantum of Damages" dated August 19, 2014 (the "Damages Award") issued in favor of P.T. Cabot Indonesia ("Cabot") and Energy Transport Limited ("ETL"). The Damages Award is the product of the arbitration panel majority's deeply flawed Partial Final Liability Award ("Liability Award"), which Oilmar has previously moved to vacate in its pending Motion to Reopen Case and to Vacate the Arbitration Award in Favor of P.T. Cabot Indonesia filed on September 12, 2013. (Doc. No. 185.) Oilmar respectfully submits the Damages Awards should be vacated on the same grounds as the Liability Award.

As Oilmar detailed in its prior motion, the arbitration at issue concerned claims by Cabot and ETL for cargo-related damages resulting from a fire and explosion which occurred in 2003 aboard the ocean-going tanker vessel M/T SAN SEBASTIAN (the "SAN SEBASTIAN" or the "Vessel"). The arbitration panel majority, with the Chairman dissenting, issued the Liability Award holding Oilmar liable for Cabot's and ETL's losses in respect of the casualty.

Oilmar subsequently moved to vacate the Liability Award on two separate grounds. *First*, Oilmar submits that the panel majority, with the Chairman dissenting, manifestly disregarded the controlling law concerning Oilmar's liability for losses resulting from a fire aboard the Vessel. The governing statutes are clear that Oilmar cannot be liable merely for a failure to exercise due diligence – the correct standard, which the panel majority knew but failed to apply, requires proof of "actual" fault or neglect. *Second*, Oilmar submits that in reaching its conclusion, the panel majority expressly placed significant weight on hearsay interview notes made by Oilmar's attorney and double-hearsay testimony of Cabot's Ukrainian counsel, both of which were admitted over Oilmar's repeated objection. The panel majority's heavy reliance on hearsay attorney interview notes and double hearsay testimony was prejudicial to Oilmar and

resulted in a fundamentally unfair arbitration process. Accordingly, Oilmar respectfully submits the Liability Award should be vacated. And, because the Damages Award it is a product of the flawed Liability Award and subject to the same defects, it also should be vacated.

## FACTS

The facts relevant to this motion are detailed in Oilmar's Memorandum of Law in support of its prior motion ("Oilmar's Memo.") (Doc. No. 187 at 2 – 3), and also were summarized by this Court in two previous opinions, *Oilmar Co. v. Energy Transp., Ltd.*, No. 3:03CV1121, 2003 U.S. Dist. LEXIS 14350, *2-3 (D. Conn. Aug. 18, 2003) ("*Oilmar I*")(Doc. No. 13), and *Oilmar Co. v. Energy Transp., Ltd.*, No. 3:03CV1121, 2006 U.S. Dist. LEXIS 35352, *2-6 (D. Conn. May 31, 2006) ("*Oilmar II*")(Doc. No. 126), and are incorporated herein by reference.

## PROCEDURAL HISTORY

The complicated procedural history of this matter before this Court, before the courts in the Southern District of New York and the Northern District of Georgia, and before the arbitration panel in New York, was set out at length in Oilmar's previous motion (Doc. No. 187 at 3 – 14) and is incorporated herein by reference.

Subsequent to the issuance of the arbitration panel's Liability Award, the parties submitted memoranda and exhibits to the arbitration panel in support of their respective positions on Cabot's and ETL's calculation of damages. On August 19, 2014, the panel issued its Damages Award of $2,899,900.99 in favor of Cabot and ETL. The arbitration panel specifically incorporated by reference the findings and conclusions of the Liability Award into the Damages Award. A copy of the Damages Award is attached hereto as Exhibit A.

# ARGUMENT

## POINT I

### THE DAMAGES AWARD IS A FINAL AWARD PROPERLY SUBJECT TO JUDICIAL REVIEW IN THIS COURT

Motions to vacate arbitration awards are governed by Sections 10 and 12 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §10, 12.  Under Section 10 of the FAA, a federal court may consider a motion to vacate an arbitration award that is "final." (*See* Oilmar's Memo. at 15 – 16 and the cases cited therein.)  The Damages Award is in fact a final award because it is a complete determination of all claims submitted to the arbitration panel.  Pursuant to Section 12 of the FAA, notice of a motion to vacate an arbitration award must be served upon the adverse party's attorney within three months after the award is delivered.  The Damages Award was dated and delivered August 19, 2014.  Accordingly, this motion is timely.

In addition, a motion to vacate an arbitration award may be brought in any district proper under the general venue statute, 28 U.S.C.S. §1391(a)(2).  (*See* Oilmar's Memo. at 15 and the cases cited therein.)  Venue is proper in this District because Cabot attached Oilmar's funds in this District, the funds remain in the Court's Registry, Cabot's action is stayed pending the resolution of the arbitration, and Cabot already has notified the Court of its intention to apply to the Court to confirm the Damages Award.

POINT II

**THE COURT SHOULD VACATE THE DAMAGES AWARD BECAUSE IT IS BASED ON AND SUBJECT TO THE SAME DEFECTS AS THE LIABILITY AWARD**

A. **The Damages Award Is Based On The Panel Majority's Demonstrated Manifest Disregard of the Law**

A district court may vacate an arbitral award that demonstrates a "manifest disregard of the law." An arbitration award is in manifest disregard of the law where (1) the law that was ignored is clear and explicitly applicable to the matter; (2) the law was improperly applied, leading to an erroneous outcome; and (3) the arbitrators knew of the law and its applicability to the questions presented. (*See* Oilmar's Memo. at 17 – 18 and the cases cited therein.)

As Oilmar explained in its prior motion, without challenge by Cabot and ETL, the law governing this case, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 note (formerly 46 U.S.C. App. § 1300, <u>et</u> <u>seq</u>.), and the Fire Statute, 46 U.S.C. § 30504 (formerly 46 U.S.C. § 182), is well established, unambiguous, cited by the parties, and unquestionably applicable to the cargo damage that occurred on SAN SEBASTIAN. (Oilmar's Memo. at 18 – 21.) There also can be no dispute that the panel majority was well aware of the applicable legal principles governing this case. (*Id.* at 21.)

Despite their clear awareness of the governing law, however, the panel majority manifestly disregarded COGSA's and the Fire Statute's clear and established provision that a vessel owner is exempt from liability for a fire resulting from a crewman's negligence unless the claimant can establish some direct action by the owner which caused the fire. Instead, the panel majority's holding was based on the erroneous application of a "due diligence" standard, compounded by conjecture and speculation based on reliance on inherently unreliable evidence and an impermissibly loose chain of causation, rather than properly considering whether

Oilmar's shore based managers had "actual fault or privity" with any act of negligence which caused the casualty – the very crux of the fire defense under COGSA and the Fire Statute. (*Id*. at 21 – 24.)  The panel majority's erroneous application of the legal standard is grounds to vacate the Liability Award and subsequent Damages Award.

**B.     The Damages Award Is Based On The Panel Majority's Improper Reliance on Attorney Work Product And Double Hearsay Testimony Which Violates Public Policy And Fundamental Notions Of Fairness**

Under the FAA, an arbitration award may be set aside if it is contrary to public policy, or where the arbitrators were guilty of misconduct or of any other "misbehavior by which the rights of any party [may] have been prejudiced."  9 U.S.C. § 10(c).  (*See* Oilmar's Memo. at 26 – 27 and the cases cited therein.)

As Oilmar demonstrated in its prior motion, the panel majority's fundamental reliance on hearsay Attorney Notes and Cabot's Ukrainian lawyer's double-hearsay testimony was grossly prejudicial to Oilmar and rendered the arbitration fundamentally unfair.  In rendering the Liability Award, the panel majority placed particular weight upon these two specific pieces of hearsay "evidence" and completely ignored any contrary direct evidence.  The Attorney Notes are clearly hearsay and strong public policy weighs heavily against not subjecting them to discovery in the first place.  And once subject to discovery, it was fundamentally improper for the panel majority to parse the Attorney Notes as if they were a carefully drafted sworn affidavit or a verbatim transcription of the Master's answers to Oilmar's counsel's questioning and subsequently hang its entire Liability Award on them.  (Oilmar's Memo. at 25 – 28.)

As noted in Oilmar's previous motion, it also was fundamentally unfair for the panel majority to rely on the double-hearsay testimony of Cabot's Ukrainian attorney, Rabomizo, concerning crew-member's interviews more than five years after the accident.  On cross-

examination by Oilmar's counsel, Rabomizo could not recount fundamental details about the interviews.  And because Oilmar could not cross-examine the crew members whose statements Rabomizo was purporting to recount, there was no way for Oilmar to test the credibility of the crew members' hearsay statements and no way for the panel to judge whether the hearsay statements had any indicia of reliability.  Nevertheless, the panel majority relied heavily on these hearsay statements to the exclusion of sworn first hand testimony to establish a key event in the alleged "chain" of causation.  (*Id.* at 28 – 29.)

The panel majority's improper reliance on these hearsay statements in support of the Liability Award was fundamentally prejudicial to Oilmar and is grounds for the Court to enter an order vacating the Liability Award and the subsequent Damages Award.

## CONCLUSION

Oilmar respectfully submits that for all of the foregoing reasons the Court should enter an order vacating the Liability and Damages Award in Cabot's and ETL's favor and granting Oilmar such other relief as may be just and equitable.

This 28th day of August 2014.

>
> Respectfully submitted,
> BLANK ROME LLP
>
> By: /s/*Thomas H. Belknap, Jr.*
> Thomas H. Belknap, Jr.
> Alan M. Weigel
> The Chrysler Building
> 405 Lexington Avenue
> New York, New York 10174
> (212) 885-5000
>
> Attorneys for Defendant Oilmar Co., Ltd.