# **EXHIBIT A**

| | |
|---|---|
| **In the Matter of the Arbitration**<br><br>- between -<br><br>**P.T. CABOT INDONESIA and ENERGY TRANSPORT LIMITED**<br><br>- and -<br><br>**OILMAR CO., LTD., PANAMA, Chartered Owner Under the Charter Party for the M/T SAN SEBASTIAN Dated March 7, 2003.** | **FINAL AWARD**<br><br>**On Quantum of Damages**<br><br><br>Donald T. Rave, Jr.<br>Raymond J. Burke, Jr.<br>Peter J. Zambito, Chairman |

## STATEMENT

We incorporate herein by reference the Partial Final Liability Award as to the cargo loss and related expenses dated June 13, 2013, rendered in favor of Claimants.

Phase 2 of the Arbitration concerned the Quantum of Damages, as to which Claimants submitted a Memorandum in support of the Quantum of Damages, Support Attorney's Affidavit and voluminous Exhibits, Nos. 1 through 20, dated August 30, 2013.

On December 20, 2013, Respondent submitted a Memorandum in Opposition to Claimants' Submission.

Finally, Claimants' counsel submitted a Reply Memorandum in further support of its Submission on the Quantum of Damages, dated January 9, 2014, and, under separate cover, Exhibits Nos. 21 through 25. In said Reply Memorandum, Claimants' counsel submitted additional monetary claims relating to its defense of Respondent's motion in the District Court of Connecticut to vacate the Partial Final Liability Award, plus interest, increasing the claimed amount to $2,919,702.07.

The Panel has read all data submitted, scrutinized the invoices, studied the time entries of all counsel, convened, discussed the contents thereof and reached unanimous agreement on a Final Award, as hereinafter is discussed.

## QUANTUM OF DAMAGES CLAIMED

In their initial Submission, Claimants' counsel set forth a FINAL STATEMENT OF CLAIM, namely:

| | |
|---|---:|
| 1. Sound Value of the Cargo, less sums recovered on sale of contaminated cargo and value of undamaged cargo (Exs. 1/4 annexed to Submission) | $602,351.62 |
| 2. Expenses Incurred in Mitigating Damages (Ex. 5 to Submission) | $189,787.06 |
| 3. Freight costs from Port Klang to Singapore for sale of contaminated cargo (Ex. 6 to Submission) | $145,000.00 |
| 4. Miscellaneous costs related to mitigation of Damages (Ex. 7 to Submission) | $183,480.78 |
| TOTAL | $1,120,619.46 |

## OTHER EXPENSES, INCLUDING EXPERTS' FEES

| | |
|---|---:|
| 5) Burgoynes – Services of David Robbins (Ex. 8 to Submission) | $24,510.45 |
| 6) BMT Murray Fenton-Graeme Bowles (Ex. 9 to Submission) | $15,023.04 |
| 7) Joseph Winer (Ex. 10 to Submission) | $44,941.12 |
| 8) Tankerisk LLC- John R. Dudley (Ex. 11 to Submission) | $24,881.36 |
| 9. Salvage Settlement (PT Cabot's contribution/share of global settlement in relation to its contributory value – Ex. 12) | $728,723.09 |

2

## LEGAL EXPENSES AND ATTORNEYS' FEES

| | |
|---|---:|
| 10. Holland & Knight (Ex. 13 to Submission) | $123,715.04 |
| 11. Robert K. Marzik, Esq. (Ex. 14 to Submission) | $ 32,192.40 |
| 12. Edwin Robb Jr., Esq., (Ex. 15 to Submission) | $ 45,265.56 |
| 13. Ilyashev & Partners (Ex. 16 to Submission) | $ 16,933.47 |
| 14. Donovan Parry et al. (Ex. 17 to Submission) | $ 52,601.52 |
| 15. McDermott & Radzik, Esqs. (Ex. 18 to Submission) | $459,365.93 |
| 16. Marshall Dennehy et al (Ex. 19 to Submission) | $243,791.72 |
| Total Legal Expenses and Attorneys' Fees | $973,871.55 |

The total of the CLAIMS is reduced by $49,583.33 (voluntary deduction – see f/n 20 on p. 3 of Claimants' Final Statement of Claim).

In their Memorandum in Opposition dated December 20, 2013, counsel for Respondent states that "Oilmar does not contest its principal claim for cargo damage after sale of the contaminated portion, expenses incurred in mitigating damages, including additional freight, and the salvage settlement, all of which is said to total $1,799,759.22."

By adding the figures set forth in 1/4 and 9, the total is $1,849,342.55. Deducting $49,583.33 therefrom, the total uncontested sum is $1,799,759.22.

Respondent contests the following claims and their amounts:

| | |
|---|---:|
| 1. Legal fees and costs, being the three (3) Invoices of the firms with which Mr. Radzik was a partner during the pendency of the arbitration | $755,759.17 |

3

Note that the above total is comprised of Legal Expenses, including Attorneys' fees, set forth on page. 3 of the Final Statement of Claim.  See items bearing footnotes 17, 18 and 19.

| | | |
|---|---|---|
| 2. Experts' fees and costs set forth on page 2 of the Final Statement of Claim. (items bearing footnotes 8, 9, 10 and 11)... | | $109,355.97 |
| and | | |
| 3. Legal fees and costs of other counsel (items bearing footnotes 13, 14, 15 and 16 on page 2 of Final Statement of Claim)... | | <u>$218,112.38</u> |
| | TOTAL | $1,083,227.52 |

On page 12 of their Memorandum in Opposition, Oilmar's counsel quotes the average T-Bill rate from 2003 to 2009 as being 2.64% and seeks to have interest on the sums uncontested limited to a six (6) year period ending in 2009.

The Panel does not read the remarks as an admission that such rate should apply regardless of the amount the Panel awards, but rather as an argument that if interest is awarded, it should be limited to 2.64% for a six (6) years period and not beyond.

As mentioned <u>supra</u>, Claimants' counsel served a Reply Memorandum in further support of the Quantum of Damages, dated January 9, 2014.  On page 9 thereof, counsel amends the claim to include additional legal services and costs amounting to $834,860.99 (see page 2 of Exhibit 25 to the Reply Memorandum) and interest at a rate of 2.64% ($285,081.86 from May 2003 through May 2009).  With respect to the rate of interest, see our remarks at pages 11 and 12 hereof.  The legal fees and costs are in furtherance and supplementing counsel's claims of $755,759.17 (Exhibits 17, 18 and 19, annexed to

4

Claimants' initial submission dated August 30, 2013, at page 3 thereof), which are discussed further, infra.

## DISCUSSION AND CONCLUSION AS TO QUANTUM
## OF DAMAGES, INCLUDING INTEREST

The Tanker Voyage Charter Party between Oilmar Co. Ltd. and Energy Transport Ltd., a wholly owned subsidiary of Cabot Corporation, dated at Stamford, CT, March 7, 2003, Exhibit 20 to the submission made by Claimants' counsel on August 30, 2013, provides in Part II thereof, as follows:

> "23. BREACH. Damages for breach of this Charter shall include all provable damages, and all costs of suit and attorney fees incurred in any action hereunder."

> "24. ARBITRATION...Awards made in pursuance to this clause may include costs, including a reasonable allowance for attorney's fees, and judgment may be entered upon any award made hereunder in any Court having jurisdiction in the premises."

Acting pursuant to said authority, the Panel's FINAL AWARD includes costs and reasonable attorneys' fees.

We reiterate that counsel for Respondent states that it does not contest the sum of $1,799,759.22. See FINAL STATEMENT OF CLAIM, pages 1 and 2, figures characterized by footnotes 1/4, 5, 7 and 12.

Respondent's counsel raises the following issues in its MEMORANDUM IN OPPOSITION in response to Claimants' initial submission on the QUANTUM OF DAMAGES:

5

1. Costs incurred outside of arbitration, such as legal fees and costs in the sum of $218,112.38 by other than Claimants' counsel, including, seeking Rule B attachments in New York, Connecticut and Georgia. See pp. 1, 2, 11 & 12.

2. The fact that Oilmar had already prevailed in defending essentially identical claims by other cargo interests in the District Court in Georgia and that the Award on liability was 2 to 1 in Claimants' favor is evidence that the issues in dispute were closely contested and Oilmar's position in contesting liability was eminently reasonable and justified and should result in a decision that each party should bear its own legal expenses. See pp. 3 & 4.

3. Cabot presented witnesses on issues that were not in dispute (e.g., Robbins, on the cause of the fire), offered experts with completely different theories, requiring Oilmar to recall Captain Papeschi and rested its case three times. See pp. 4 & 10.

4. The Panel may only award <u>reasonable</u> attorneys' fees and costs in the prosecution of the case. See p. 5. (emphasis added).

5. A party seeking an award of attorney's fees must offer contemporaneous time records showing the date, hours expended and nature of the work done. See pp. 6, 7 & 8.

6. Cabot's attorneys' fees are excessive, redundant or otherwise unnecessary. See pp. 8 & 9.

7. The invoices of Holland & Knight LLP from May through July 2003 were duplicative of those of Messrs. Donovan Parry for the same time period and should, therefore, be denied. See p. 9.

The Panel has made an exhaustive review of the facts, voluminous invoices submitted and their entries, considered the reasonableness of the charges and their

6

necessity, legal and otherwise, and level of success achieved, among others, and, in their discretion, has concluded as follows:

### OTHER EXPENSES, INCLUDING EXPERTS' FEES

5. The total charges of Burgoynes (Robbins) are £13,333.972, converted to US $24,510.45 (Exhibit 8)

The Panel finds that such services are in part related to other than the claims advanced in the arbitration and determines that an allowance of forty (40) percent is fair, equivalent to $9,804.18

6. The Panel finds that the charges of BMT Murray Fenton (Bowles), are fair and reasonable and awards one hundred (100) percent thereof, $15,023.04

7. The charges of Joseph Winer amounting to $44,941.12, are determined to be duplicative of Dudley's, discussed infra and are disallowed. $ - 0 -

8. The charges of Tankerrisk LLC – John R. Dudley incurred between July and October 2011, inclusive, are fair and reasonable and are allowed in full $24,881.36

Thus, out of $109,355.97 claimed, the Panel finds that $49,708.58 is fair and reasonable and awards that sum to Claimants.

### LEGAL EXPENSES AND ATTORNEYS' FEES

Initially, the Panel notes that before the Panel was in place and hearings commenced, Respondent questioned Claimants' standing to pursue damages against it, as well as the District Court's power to compel arbitration, an unsuccessful motion to reargue the District Court's decision and an appeal therefrom, which the Second Circuit dismissed.

The Panel further notes that Respondent moved to compel Claimants to arbitrate their demurrage claims before a separate panel of arbitrators and, this, despite an earlier demand by Claimants for arbitration in September 2003.

The evidence of the above resulted in the arbitration process being delayed until June 2006.

The Panel is satisfied that the activity precipitated by Respondent prior to the commencement of hearings, including litigation in New York, Connecticut and Georgia, including Rule B attachments, justifies the award of legal fees and costs which were reasonably and justifiably incurred by other than Claimants' counsel and which are hereinafter discussed.  See, among others, Claimants' Exhibits 21 (consisting of 21 pages of docket entries), 22, 23 and 24.

In addition, the Panel construes Clauses 23. and 24. of Part II of the Tanker Voyage Charter Party (Claimants' Exhibit 20.) as authority to award such legal fees and costs, insofar as are fair and reasonable.

With respect to said legal fees and expenses, the Panel finds as follows:

10. Except for the month of May 2003, the initial invoice of Holland & Knight's charges overlap with those of Messrs. Donovan Parry and successors.  Thus, the Panel allows the charges incurred in May 2003 (initial Invoice only), amounting to    $69,912.96

The Panel disallows $53,802.08 of the total claimed of $123,715.04, including charge incurred on May 30, 2003, which is found in the second invoice submitted by Holland & Knight.

Correspondingly, the charges of Claimants' counsel incurred in May 2003, discussed infra, are disallowed, as overlapping, the Panel being of the opinion that Respondent should not be penalized or responsible for costs incurred when Claimants or their underwriters decided to change attorneys.

11. The charges of Robert K. Marzik, Esq. are found to be fair and reasonable and are allowed in full    $32,192.40

8

| | |
|---|---:|
| 12. The charges of Edwin Robb, Jr., Esq. of Bouhan, Williams & Levy LLP are found to fair and reasonable and are allowed in full | $45,265.56 |
| 13. The charges of Ilyashev & Partners total Euros 12,799.98 (US $16,933.47), inclusive of an advance of Euros 5,000 (US $6,625.00) for Rabomiso's trip to NY to testify before the Panel. The advance is disallowed. Since Rabomiso's Statement was of some probative value (f/n 7, p. 5 of PARTIAL FINAL LIABILITY AWARD), the Panel awards as fair and Reasonable | $10,308.47 |

Thus, of the $218,112.38 claimed for legal fees and expenses of outside counsel, the Panel awards $157,679.39 which, in its discretion, finds fair, reasonable and justified under the facts and circumstances.

### LEGAL FEES AND COSTS OF CLAIMANTS' COUNSEL

In Claimants' initial submission on the Quantum of Damages (Exhibits Nos. 17, 18 and 19), the charges of Messrs. Donovan Parry and successors total $755,759.17 (excluding additional charges submitted with its Reply Memorandum, discussed infra). These three (3) Exhibits are hereinafter referred to as Items 14., 15. and 16.

As previously stated herein, the charges incurred in May 2003, amounting to $1,847.50, are disallowed as overlapping. See discussion under 10. Holland & Knight, supra. As a result, the sum of $1,847.50 is deducted, reducing the claims to $753,911.67. The Panel's exhaustive review of the lengthy entries in the invoices rendered by Claimants' counsel reflect continued involvement with Messrs. Holland & Knight, particularly in June 2003 and also in August and September 2003 and February 2004.

Further, there appears to be a considerable number of in-house conferences between Mr. Radzik and associates of his several firms, as well as legal research of the same

9

issues, possibly owing to attrition (such as the resignation of associates and other staff members, requiring the education of new associates and staff members).

The Panel notes that three (3) partners, nine (9) different associates and one (1) summer associate worked on the matter between 2003 and 2013, inclusive.

Lastly, the Panel refers to the added legal charges claimed, as set forth in Claimants' Reply Memorandum, submitted January 9, 2014, and Exhibits thereto, cited supra herein.

The Panel notes that the proceeding pending in the District Court of Connecticut appears to remain open and unresolved as of this date..

In the opinion of the Panel, these added legal charges lie outside this proceeding and are disallowed.

Respondent also argues that Claimants' delays in the course of the arbitration and that Claimants rested their case "no less than three times" (emphasis added), among other causes allegedly causing delay, justifies disallowance of attorneys' fees and costs. The Panel also notes that delays were also attributed to Respondent's counsel, particularly between 2003 and 2006, but not limited to that time span.

Upon due consideration, the Panel, in its discretion, awards Claimants seventy-five (75) percent of their legal fees and costs, equivalent to $565,433.75.

### RECAPITULATION OF SUMS AWARDED, EXCLUSIVE OF INTEREST

The following is set forth on pages 2, 3 and 4 hereof and bearing the same item numbers found on said pages.

| | |
|---|---:|
| Uncontested damages (items 1./4. and 9.), supra | $1,799,759.22 |
| Other Expenses, including Experts, supra, items 5./8.) | |
| 5. Burgoynes (Robbins) | $9,804.18 |

| | |
|---|---:|
| 6.  BMT Murray Fenton (Bowles) | $15,023.04 |
| 7.  Joseph Winer | $-0- |
| 8.  TankerRisk LLC – John R. Dudley | $24,881.36 |
| 9.  Salvage settlement (included in uncontested damages) | |
| **LEGAL EXPENSES AND ATTORNEYS' FEES** | |
| 10. Holland & Knight | $69,912.96 |
| 11. Robert K. Marzik, Esq. | $32,192.40 |
| 12. Edwin Robb, Jr., Esq. | $45,265.56 |
| 13. Ilyashev & Partners | $10,308.47 |
| 14. 15. & 16. Claimants' Counsel | $565,433.75 |
| TOTAL DAMAGES AWARDED | $2,572,580.94 |

## INTEREST

In the Partial Final Liability Award and Final Demurrage Award issued and dated June 13, 2013, the Panel awarded interest on Respondent's claim for demurrage, covering from November 2003 to June 13, 2013, at 1.64%.

Respondent's counsel argues that interest at 2.64% should be limited to a six (6) year period, 2003 to 2009, on the sum of $1,799,759.22, (corrected by Panel to $1,799,939.22), being the total sum Respondent does not contest.

Claimants' counsel, in its Reply Memorandum, at page 9, seeks a rate of 4.73% or, alternatively, at the current prime rate of 3.25% from May 2003 to date. At the same time, Claimants' counsel suggests that Respondent has agreed to an interest rate of 2.64%.

11

The Panel is mindful that it awarded 1.64% on Respondent's demurrage claim based upon the T-Bill rate from 2003 to June 12, 2013 and feels it would be manifestly unfair to award interest based upon other than the T-Bill rate.

At the same time, the Panel is aware that interest is to be calculated <u>from</u> various dates, based upon when incurred and when due or reasonably due. In such regard, the Panel decided that interest would start to accrue approximately thirty (30) days after the date of the invoice. As such, the Panel allows interest at the T-Bill rate of 1.42% in the total amount of $327,320.05.

| | |
|---|---|
| TOTAL DAMAGES | $2,572,580.94 |
| TOTAL INTEREST TO DATE | $327,320.05 |
| TOTAL AWARD TO CLAIMANTS | $2,899,900.99 |

## CONCLUSION

The total sum due Claimants, inclusive of interest to date, is $2,899,900.99.

Payment of the total sum awarded is to be paid within thirty (30) days hereof.

In the event payment in full is not made within said period of time, interest at the T-Bill rate(s) shall begin to accrue on the total sum awarded until payment in full is received.

The final fees of the arbitrators are set forth in Appendix A annexed hereto.

The Panel has given due consideration to the apportionment of arbitrators' fees and, in their discretion, directs that each party shall pay fifty (50) percent thereof.

Notwithstanding, and despite the fact that Panel has adjusted its fees, the arbitrators' fees are the joint and several responsibility of each party.

_____
Donald T. Rave, Jr., Arbitrator

_____
Raymond J. Burke, Jr., Arbitrator

_____
Peter J. Zambito, Chairman

Dated:   August 19, 2014
         New York NY

Panel Final Award_19-Aug-2014.docx

13

# APPENDIX A

> **In the Matter of the Arbitration**
>
> **- between -**
>
> **P.T. CABOT INDONESIA and ENERGY TRANSPORT LIMITED**
>
> **- and -**
>
> **OILMAR CO. LTD., PANAMA, Chartered Owner Under the Charter Party for the M/T SAN SEBASTIAN Dated March 7, 2003.**

The Final Award indicates that the parties split the arbitrators' fees and the parties have placed money in the escrow fund from time to time. The amount in the escrow fund is insufficient to cover the additional, final fees of the arbitrators, but the Panel has adjusted its fees downward, as set forth below:

| | |
|---|---|
| Raymond J. Burke, Jr. | $20,200.00 |
| Donald T. Rave, Jr. | $20,200.00 |
| Peter J. Zambito | <u>$39,600.00</u> |
| TOTAL | $80,000.00 |

Dated:   New York NY
         August 19, 2014

0005_S00.DOCX