UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OILMAR CO. LTD., PANAMA,<br>             Plaintiff,<br>     -against-<br>ENERGY TRANSPORT, LTD., and P.T. CABOT INDONESIA,<br>             Defendants. | **CONSOLIDATED CASES**<br><br>3:03-CV-1121 (JCH) |
| THE INTERESTED UNDERWRITERS AT LLOYD'S and THAI TOKAI PRODUCT CO. LTD.,<br>             Plaintiffs,<br>     -against-<br>M/T SAN SEBASTIAN, *et al.*,<br>             Defendants. | 3:03-CV-1125 (JCH) |
| PT CABOT INDONESIA,<br>             Plaintiff,<br>     -against-<br>M.V. SAN SEBASTIAN, *et al*.,<br>             Defendants. | 3:03-CV-1147 (JCH) |
| CARBON BLACK PUBLIC CO., LTD.,<br>             Plaintiff,<br>     -against-<br>M/T SAN SEBASTIAN, *et al.*,<br>             Defendants. | 3:03-CV-1153 (JCH) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT OILMAR CO. LTD.'S MOTION TO STAY EXECUTION OF THE JUDGMENT ISSUED IN FAVOR OF P.T. CABOT INDONESIA AND ENERGY TRANSPORT LIMITED PENDING APPEAL WITHOUT BOND**

BLANK ROME LLP
Thomas H. Belknap, Jr.
Alan M. Weigel
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendant Oilmar Co. Ltd.*

**ORAL ARGUMENT REQUESTED**

601012.00601/7453333v.1

**PRELIMINARY STATEMENT**

Oilmar Co. Ltd. ("Oilmar") submits this Memorandum of Law in support of its motion for an order pursuant to Fed. R. Civ. P. 62 staying enforcement of the Judgment issued on October 21, 2014, in favor of P.T. Cabot Indonesia ("Cabot") and Energy Transport Limited ("ETL") confirming the Final Arbitration Award pending determination of Oilmar's appeal by the Second Circuit Court of Appeals.

On August 19, 2014, the arbitration panel appointed in this matter issued a Final Award On Quantum of Damages ruling that the total amount due to Cabot and ETL, inclusive of interest to date, was $2,899,900.99.  On October 6, 2014, the Court entered a ruling denying Oilmar's motion to vacate the Final Arbitration Award, granting Cabot's request to confirm the Final Arbitration Award and denying Cabot's request for attorney's fees.  On October 21, 2014, the Court entered judgment favor of Cabot and ETL, against Oilmar in accordance with the Court's October 6 ruling confirming the Final Arbitration Award.

Oilmar respectfully requests the Court stay enforcement of the Judgment pending determination of its appeal by the Second Circuit Court of Appeals.  In light of the funds currently in the Court's registry and the security in the form of a Letter of Undertaking ("LOU") issued to Cabot and ETL by Oilmar's insurer which total at least $2,780,500, Oilmar has the ability to satisfy at least 95% of the Judgment should its appeal fail.  Accordingly, Oilmar respectfully requests that the Court issue the stay without requiring Oilmar to file a supersedeas bond.  In the alternative, Oilmar respectfully requests that the Court issue a partial stay of enforcement of the Judgment up to the amount of the security currently in place.

**ARGUMENT**

**THE COURT SHOULD EXERCISE ITS DISCRETION TO ISSUE A STAY OF EXECUTION PENDING APPEAL WITHOUT REQUIRING A SUPERSEDEAS BOND BECAUSE ALTERNATE SECURITY COVERING MORE THAN 95% OF THE JUDGMENT IS ALREADY IN PLACE**

Pursuant to Fed. R. Civ. P. 62(d), execution on a judgment is automatically stayed pending an appeal where the appellant posts a supersedeas bond in the amount of the judgment to secure the availability of funds to possibly pay the judgment in the event that the appeal is unsuccessful. *See Brookridge Funding Corp. v. Northwestern Human Servs.*, No. 3:99 CV 2339, 2008 U.S. Dist. LEXIS 41625, at *2-3 (D. Conn. May 29, 2008); *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009) (Rule 62(d) permits a stay as of right when an appellant posts a supersedeas bond) (citations omitted). "[T]he court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond." *Id.* (emphasis added).

Rule 62 does not specify the requirements necessary for the Court's approval of a supersedeas bond, but "[t]he philosophy underlying [Rule] 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed." *Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville*, 245 F.R.D. 65, 69 (D. Conn. 2007).

A district court may, in its discretion, issue an unsecured stay pending the outcome of an appeal and to waive the necessity of the security provided by a supersedeas bond, "if the appellant provides an acceptable alternative means of securing the judgment." *Ryan v. Nat'l Union Fire Ins. Co.*, No. 3:03-CV-0644, 2010 U.S. Dist. LEXIS 125515 (D. Conn. Nov. 23, 2010)(quoting *FDIC v. Ann-High Assocs.*, 129 F.3d 113 (2d Cir. 1997))(internal quotations omitted); *Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173, 176 (2d Cir. 1975); *Texaco Inc. v.*

*Pennzoil Co.*, 784 F.2d 1133, 1155-56 (2d Cir. 1986), rev'd on other grounds, 481 U.S. 1 (1987)(the Court may rely on equitable principles to excuse the bonding requirement).  For example, while "[a] full supersedeas bond may be required where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment[,]" where the Court is satisfied that the judgment creditor's ability to collect the judgment following appeal is reasonably secure, the Court may order a reduced bond or no bond at all.  *Texaco*, 784 F.2d at 1155-56 (internal quotation omitted); *see also Trans World Airlines, supra* ($75 million bond to secure judgment of $145,448,140); *International Telemeter v. Hamlin International Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (appellant can be required to secure the judgment in ways other than by a supersedeas bond); *United States v. Kurtz*, 528 F. Supp. 1113, 1115 (E.D. Pa. 1981) (full bond not required if appellant proposes a "plan that [would] provide adequate security for the appellees").

On October 21, 2014, the Court entered final Judgment in favor of Cabot and ETL as set forth above.  Coterminous with the filing of this Motion, Oilmar is filing a Notice of Appeal to the United States Court of Appeals for the Second Circuit from the final Judgment of October 21, 2014.  As Oilmar has appealed the Judgment, and an appellant may obtain a stay of proceedings to enforce a judgment "if an appeal is taken," Fed. R. Civ. P. 62(d), a stay of any proceeding to enforce the Judgment is appropriate.

Oilmar respectfully requests that the Court waive any requirement that Oilmar file a supersedeas bond in order to obtain a stay of proceedings.  When Cabot and ETL commenced this action, they obtained a Rule B attachment of freights owned to Oilmar as security for their claims.  The attached freights were eventually deposited into the Court's registry.  As of November 30, 2013, the amount in the registry was $2,169,762.28.  (*See* Financial Clerk's Case

3

History Report dated December 18, 2013 annexed hereto as Exhibit "A.") With an additional year's accrued interest, the amount in the registry now stands at more than $2,170,000. Following the trial in the Northern District of Georgia, in consideration for release of freights attached in that action, Oilmar's insurer, The Steamship Mutual Underwriters Association (Bermuda) Limited, issued a LOU in favor of Cabot in the amount of $610,485.12, as security for Cabot's claims in the arbitration. (*See* Blank Rome letter dated September 7, 2007 annexed hereto as Exhibit "B.") Accordingly, security in the form of Oilmar's attached funds deposited in the Court's registry and an LOU, in the total amount of at least $2,780,500, is already in place. This amount represents more than 95% of the $2,899,900.99 due to Cabot and ETL under the Final Arbitration Award.

Should it be unsuccessful in its appeal of the judgment, there is little question that Oilmar will be able to satisfy at least 95% of the arbitration award, as well as any applicable costs and/or interest, from the funds in the Courts registry and the LOU. Thus, the concerns that underlie the requirement of filing a bond, i.e., that a party against whom judgment has been entered may waste available assets during the pendency of an appeal, do not apply here. Accordingly, Cabot's and ETL's interests in the Judgment are sufficiently protected to justify waiver of a supersedeas bond. Oilmar therefore respectfully requests that the Court issue a stay of enforcement of the Judgment pursuant to Fed. R. Civ. P. 62(d) and waive the requirement that it post a supersedeas bond.

In the alternative, Oilmar respectfully requests that the Court issue a partial stay of enforcement of the Judgment up to the amount of the security, $2,780,500, currently in place.

**CONCLUSION**

Oilmar respectfully submits that for all of the foregoing reasons the Court should enter an order staying all enforcement proceedings on the Judgment pending Oilmar's appeal to the Court of Appeals for the Second Circuit and waive the posting of a supersedeas bond; or in the alternative, staying all enforcement proceedings on the Judgment up to the amount of the security already in place; and granting Oilmar such other relief as may be just and equitable. This 3rd day of November 2014.

        Respectfully submitted,
        BLANK ROME LLP

By: /s/*Thomas H. Belknap, Jr.*
    Thomas H. Belknap, Jr.
    Alan M. Weigel
    The Chrysler Building
    405 Lexington Avenue
    New York, New York 10174
    (212) 885-5000

    Attorneys for Defendant Oilmar Co., Ltd.